UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
SCOTT N. JOHNSON,              )
                               )    2:10-cv-00246-GEB-KJM
                Plaintiff,     )
                               )    ORDER TO SHOW CAUSE
     v.                        )    AND CONTINUING STATUS
                               )    (PRETRIAL SCHEDULING)
JEFFREY A. WELCH, et al.,      )    CONFERENCE
                               )
                Defendants.    )
                               )
```

An Order Setting Status (Pretrial Scheduling) Conference was filed February 1, 2010 in which a status conference was scheduled in this case on May 24, 2010, and a joint status report was required to be filed no later than fourteen days prior to the status conference. The Order further required a status report be filed regardless of whether a joint report could be procured. No status report was filed.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on June 10, 2010, why sanctions should not be imposed against him under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. Plaintiff shall also state in the written response whether a

1

hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on June 24, 2010, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  A status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  May 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).