IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson,<br><br>          Plaintiff,<br><br>     v.<br><br>Jeffrey A. Welch, Individually and d/b/a Players Pub; W T & Associates, Individually and d/b/a Players Sports Pub & Grill; Ronald D. Earls, Individually and d/b/a Waterfalls; Mei Wu, Individually and d/b/a Kuts N More; Fang Huang, Individually and d/b/a Kuts N More,<br><br>          Defendants. | 2:10-cv-00246-GEB-KJM<br><br>SANCTIONS ORDER AGAINST PLAINTIFF'S COUNSEL AND ORDER RE: SETTLEMENT AND DISPOSITION |

A joint status report was not filed in this matter until after the Court ordered Plaintiff to show cause why sanctions should not be imposed. Plaintiff filed a Response to Order to Show Cause on June 10, 2010, in which he apologized for not filing the report "when one was due." (Docket No. 18.) The response further stated that a notice of settlement was filed on June 9, 2010, and Plaintiff is "waiting for the return of the dismissal documents from the Defendants."

1      The Notice of Settlement states, "[d]ispositional documents will be filed within (30) calendar days." (Docket No. 17.)  However, Local Rule 160(b) requires dispositional documents to be filed within twenty-one days from the date the court is notified about the settlement, unless good cause is shown. Since Plaintiff has not demonstrated good cause to extend the twenty-one day time period, a dispositional document shall be filed no later than June 30, 2010. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

       The status conference scheduled for June 28, 2010 is continued to August 9, 2010, at 9:00 a.m. in the event that no dispositional document is filed, or if this action is not otherwise dismissed. A joint status report shall be filed fourteen days prior to the status conference.[1]

       Further, although monetary sanctions are not being imposed on Plaintiff's counsel for his failure to timely file a status report, he is warned that a significant monetary sanction could be imposed if he fails to comply with a Rule 16 order again.

       The primary purpose of sanctions in the Rule 16 context "is to insure reasonable management requirements for case preparation." Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984); see

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

also 1983 Advisory Committee Notes to Fed. R. Civ. P. 16(f) ("[The] explicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management."). Violations of Rule 16 are not merely technical or trivial, but involve a "matter most critical to the court itself: management of its docket," and the avoidance of unnecessary delays and problems in the administration of its cases. Baker, 744 F.2d at 1441.

> Rules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance.

Legault v. Zambrano, 105 F.3d 24, 29 (1st Cir. 1997)(citing Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990)).

IT IS SO ORDERED.

Dated: June 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge